**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Elmer Red EAGLE, Jr., Defendant—
Appellant.**

No. 07–30399.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 28, 2008.

Filed Sept. 17, 2008.

Richard A. Hosley, III, Esquire, Office Of The U.S. Attorney, Great Falls, MT, Ryan Archer, Assistant U.S., Eric B. Wolff, Esquire, Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Anthony R. Gallagher, Federal Public Defender, Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

Before: T.G. NELSON, HAWKINS, and BYBEE, Circuit Judges.

## MEMORANDUM *

The facts and procedural posture of this case are familiar to the parties and we do not repeat them here. Elmer Red Eagle ("Red Eagle") appeals his conviction for sexual abuse in violation of 18 U.S.C. §§ 1153, 2241(c), and 2243(a), and sentence of life imprisonment. Red Eagle asserts the district court erred by: (1) admitting his confession, (2) admitting certain "bad acts" evidence under Federal Rules of Evidence 413 and 414, (3) applying obstruction of justice, vulnerable victim, and repeat offender enhancements to his sentence, and (4) imposing a sentence of life imprisonment. We affirm.

■ The totality of the circumstances does not support the conclusion that Red Eagle's statements were coerced or involuntary. Red Eagle acknowledged and waived his rights, knew the subject matter of the questioning in advance, and had been informed he was not required to take the polygraph examination and could stop at any time. The prospect of a voluntary polygraph examination is not coercive. *See United States v. Haswood,* 350 F.3d 1024, 1028–29 (9th Cir.2003). Moreover, because no other evidence suggests coercion and he effectively waived his rights, Red Eagle's confession was voluntary in light of the totality of the circumstances and therefore properly admitted at trial.

■ The district court did not err in admitting testimony pertaining to the uncharged sexual abuse of Red Eagle's daughter. A district judge's ruling that the danger of unfair prejudice does not substantially outweigh the probative value of evidence is reviewed for an abuse of discretion. *United States v. LeMay,* 260 F.3d 1018, 1024 (9th Cir.2001). Because the admitted testimony concerned acts sufficiently similar to those with which Red Eagle was charged and was probative in light of other evidence, the court did not abuse its discretion in ruling it admissible.

■ The obstruction of justice, vulnerable victim, and repeat offender enhancements were proper. The district court applied a two-level enhancement for obstruction of justice pursuant to U.S. Sentencing Guideline § 3C1.1 based on Red Eagle's false trial testimony. The district court found that Red Eagle's testimony met each element of perjury because he previously had admitted guilt, yet subsequently testified he did not commit the relevant acts. Additionally, other witnesses' testimony contradicted Red Eagle's testimony. The court therefore did not clearly err in its factual finding that Red Eagle's testimony was false because its findings of each element of perjury were internally consistent and supported by trial testimony.

■ The district court properly applied the vulnerable victim enhancement. *See* U.S.S.G. § 3A1.1(b)(1). Red Eagle was aware that his victim was fourteen years of age, provided her with alcohol to the point of intoxication, and had intercourse with her after she had passed out. The court's determination that the victim was vulnerable due to her inebriated and near-unconscious state is supported by evidence in the record and therefore not clearly erro-

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

neous. Additionally, the court did not abuse its discretion in determining this enhancement appropriately applies to Red Eagle because sexually abusing an unconscious or sleeping victim renders his conduct more depraved.

We need not determine whether applying the repeat offender enhancement violated the Ex Post Facto Clause because the district court reached the same sentence on alternate grounds without applying the enhancement. The district court indicated it would apply an upward departure pursuant to U.S. Sentencing Guideline § 4A1.3(a)(1) because Red Eagle's criminal history category substantially under-represents the seriousness of his criminal history and likelihood of recidivism.

■ Finally, Red Eagle's challenge to the substantive reasonableness of the imposed sentence is without merit. We give great deference to the district court's sentencing determinations. *See United States v. Whitehead,* 532 F.3d 991 (9th Cir.2008); *United States v. Ruff,* 535 F.3d 999 (9th Cir.2008). The district court properly treated the Guidelines range as a baseline, considered the factors enumerated in § 3553(a) to "tailor" Red Eagle's sentence to suit the offense and characteristics, and arrived at a sentence it determined is sufficient, but not greater than necessary, to accomplish § 3553's sentencing goals. *See United States v. Carty,* 520 F.3d 984, 991–92 (9th Cir.2008). The district court carefully detailed its reasons for imposing a life sentence at the sentencing hearing. The court therefore did not abuse its discretion when it determined that Red Eagle's sexual abuse of young girls and extensive crim-

inal history justified imposing a life sentence. *See Ruff,* 535 F.3d at 1001–03.

We therefore **AFFIRM.**